O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 118 AVA, LLC, | ) Case No. CV 22-08048 DDP-JPR |
| Plaintiff, | ) |
| v. | ) |
| PAULINE HUNTER; CHRISTOPHER HUNTER, | ) **ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| Defendants. | ) |

    Plaintiff initiated this unlawful detainer action against Defendants on August 5, 2022, in the Los Angeles County Superior Court concerning the property located at 230 W. 87th Street, Los Angeles, CA 90003. It appears from Defendants' exhibits that the Clerk of the Superior Court entered a default judgment against Defendants on September 9, 2022, upon Defendants' failure to appear and defend the action. Defendants then filed a notice of removal to this court on November 3, 2022, asserting

federal question jurisdiction on the basis that Plaintiff and others allegedly violated Defendants' civil rights by "manipulating the judicial process and tampering with postal mail," denying Defendants their 4th Amendment right to be secure from unreasonable searches and seizures, and denying their 5th Amendment right to due process. Defendants further assert that the judgment against them was a "nullity" because the state court lacked jurisdiction to hear an Unlawful Detainer claim for a property worth $1,000,000.

Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, district courts may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"A suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). The well-pleaded complaint rule dictates that "a federal question must appear on the face of a properly pleaded complaint." Ansley v. Ameriquest Mortg., Co., 340 F.3d 858, 861 (9th Cir. 2003) (citing Rivet v. Regions Bank of La., 522 U.S. 470 (1998)). "Federal law" cannot be predicated on a defense or counterclaim. Vaden, 556 U.S. at 60 (2009). Defenses and counterclaims based on federal law are, therefore, insufficient to create federal jurisdiction. See HSBC Bank USA v. Santiago, No. CV 10-04127, 2011 WL 165382, at *1-2 (C.D. Cal. Jan. 18, 2011).

As the removing party, Defendants bear the burden of proving federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). If Defendants fail to meet their burden, 28 U.S.C. § 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction.

In this case, the sole cause of action in the Complaint is unlawful detainer to recover possession of real property under California Code of Civil Procedure Section 1161(a). "An unlawful detainer action is a true state law claim." Fed. Nat. Mortgage Ass'n v. Tinoco, 2012 WL 3279288, at *2 (C.D. Cal. Aug. 9, 2012). Because the sole claim in the Complaint arises under state law, there is no basis for federal question jurisdiction. Additionally, because both parties are California citizens, complete diversity is lacking, and there is no basis for diversity jurisdiction.

Further, this action is barred under the Rooker-Feldman doctrine, which holds that federal district courts lack jurisdiction to review state court judgments or orders. District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 483 (1983). A federal court lacks jurisdiction over issues that are inextricably intertwined with allegations underlying the judgment of a state court. Id. Nor may a federal court serve as an appellate tribunal to review the errors allegedly committed by state courts. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'r , 398 U.S. 281, 296 (1970). Under the Rooker-Feldman doctrine, a party losing in a state court proceeding is barred from seeking federal district court review by claiming that the state court's judgment itself violated the losing party's federal rights. Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Because the Rooker-Feldman doctrine is jurisdictional, the court must raise it sua sponte, even if the parties do not. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1996). Here, Defendants' attempted removalis barred by the Rooker-Feldman doctrine.

Because this Court is without jurisdiction to hear the case, it is also without jurisdiction to rule on Defendants' motion for a Temporary Restraining Order. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public interest.").[1]

      Accordingly, the court DENIES Defendants' Ex Parte Application for a Temporary Restraining Order and REMANDS this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: November 8, 2022

                                                            DEAN D. PREGERSON
                                                        United States District Judge

---

[1] Plaintiffs' Notice of Removal alleges, as discussed above, several alleged civil rights violations, and also makes reference to another matter pending in this district. See Dkt 3 at 3:4-12 (referring to Case 22-CV-03324-JAK). This Court takes no position on the merits of that action or any other claims referenced by Plaintiffs.